**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| MELANIE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-01401-JMS-TAB |
| | ) | |
| RENAISSANCE RX, UTC | ) | |
| LABORATORIES, L.L.C., TPG GROWTH, | ) | |
| LLC, DR. TARUN JOLLY, BARRY | ) | |
| GRIFFITH, PATRICK RIDGEWAY and | ) | |
| DOUGLAS TERRY, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ANSWER AND AFFIRMATIVE DEFENSES**</u>

UTC Laboratories, LLC d/b/a Renaissance RX ("Renaissance RX"), by counsel, and with a full reservation of rights, files the following Answer, including affirmative defenses, in response to the Complaint for Damages ("Complaint") filed by Plaintiff Melanie Adams. Renaissance RX denies each and every allegation in Plaintiff's Complaint, except as may be hereinafter expressly admitted, and, for its affirmative defenses, states as follows:

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

The Complaint fails to state a claim against Renaissance RX upon which relief can be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations periods.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

<u>**FIFTH AFFIRMATIVE DEFENSE**</u>

The federal discrimination claims are barred to the extent that they were not alleged or encompassed within the administrative charge filed by Plaintiff, or the administrative investigation thereof.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's alleged damages are speculative in nature, and thus are not recoverable.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's employer acted in good faith and upon reasonable grounds and made all decisions based upon reasonable factors other than age, sex, retaliation, and/or any other protected status.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

In the event that Renaissance RX discovers or otherwise learns of evidence to which the "after acquired evidence" doctrine applies, Plaintiff shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, or her damages reduced, by her failure to report the alleged acts of discrimination to a representative of her employer.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her comparative fault.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a cause of action for which punitive damages may be awarded.

## THIRTEENTH AFFIRMATIVE DEFENSE

Renaissance RX avers that none of the allegations complained of in Plaintiff's Complaint rises to the level of an actionable employment discrimination, harassment, or retaliation claim.

## FOURTEENTH AFFIRMATIVE DEFENSE

All damages allegedly sustained by Plaintiff were solely and proximately caused by the intentional actions, inactions, or negligence of Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no basis for the recovery of attorney's fees under the ADEA.

## SIXTEENTH AFFIRMATIVE DEFENSE

Renaissance RX reserves the right to raise any additional affirmative defenses that may arise during these proceedings.

## ANSWER

AND NOW, further answering the separately enumerated allegations in Plaintiff's Complaint, Renaissance RX represents as follows:

### Parties, Jurisdiction and Venue

1.     Renaissance RX denies the allegations in Paragraph 1 for lack of sufficient information to justify a belief therein.  Moreover, Paragraph 1, at least in part, asserts a legal conclusion to which no response is required (that Plaintiff is a member of a protected class).

2.     The allegations in Paragraph 2 apply to a dismissed defendant and do not require a response from Renaissance RX.

3.     Renaissance RX denies the allegations in Paragraph 3 as stated, except to admit that UTC Laboratories, LLC is currently a Delaware LLC, although it was initially a Louisiana LLC.

4.     The allegations in Paragraph 4 apply to a dismissed defendant and do not require a response from Renaissance RX.

5.     The allegations in Paragraph 5 apply to a dismissed defendant and do not require a response from Renaissance RX.

6.     The allegations in Paragraph 6 apply to a dismissed defendant and do not require a response from Renaissance RX.

7.     The allegations in Paragraph 7 apply to a dismissed defendant and do not require a response from Renaissance RX.

8.     The allegations in Paragraph 8 apply to a dismissed defendant and do not require a response from Renaissance RX; Renaissance RX does admit that Doug Terry was Plaintiff's supervisor.

9.      The allegations contained in Paragraph 9 assert a legal conclusion to which no response is required; however, out of an abundance of caution, Renaissance RX denies the allegations contained in Paragraph 9.  Renaissance RX further responds by stating that the allegations contained in Paragraph 9 that are applicable to a state anti-kickback claim do not require a response of Renaissance RX because Plaintiff has dismissed her state anti-kickback claim.

10.     The allegations contained in Paragraph 10 assert a legal conclusion to which no response is required; however, out of an abundance of caution, Renaissance RX denies the allegations contained in Paragraph 10.  Renaissance RX further responds by stating that the allegations contained in Paragraph 10 that are applicable to a state anti-kickback claim do not require a response of Renaissance RX because Plaintiff has dismissed her state anti-kickback claim.

11.     The allegations contained in Paragraph 11 assert a legal conclusion to which no response is required.

12.     The allegations contained in Paragraph 12 assert a legal conclusion to which no response is required; however, as to the factual assertions contained therein, Renaissance RX admits that Plaintiff filed an EEOC charge and that the EEOC issued a right-to-sue notice on June 5, 2015.  Renaissance RX denies the specific date of the EEOC charge as alleged by Plaintiff as the date of filing is not clear from the face of the charge.

### Facts Common to All Counts

13.     Renaissance RX admits that Plaintiff was employed as a Territory Manager in Indiana.  Renaissance denies the remaining allegations contained in Paragraph 13.

14.     Renaissance RX denies the allegations in Paragraph 14 as written.

15.     Renaissance RX denies the allegations in the first sentence of Paragraph 15 as written except to admit that Plaintiff was transferred to a different region and was under the supervision of Doug Terry.  Renaissance RX denies in its entirety the allegations in the second sentence of Paragraph 15.

16.     Renaissance RX denies the allegations in Paragraph 16.

17.     Renaissance RX denies the allegations in Paragraph 17, including subparts (a) through (i).

18.     Renaissance RX denies the allegations in Paragraph 18.

19.     Renaissance RX denies the allegations in Paragraph 19.  Renaissance RX further responds by stating that the allegations contained in Paragraph 19 that are applicable to a state anti-kickback claim do not require a response of Renaissance RX because Plaintiff has dismissed her state anti-kickback claim.

20.     Renaissance RX denies the allegations in Paragraph 20.  Renaissance RX further responds by stating that the allegations contained in Paragraph 20 that are applicable to a state anti-kickback claim do not require a response of Renaissance RX because Plaintiff has dismissed her state anti-kickback claim.

21.     Renaissance RX denies the allegations in Paragraph 21.  Renaissance RX further responds by stating that the allegations contained in Paragraph 21 that are applicable to a state anti-kickback claim do not require a response of Renaissance RX because Plaintiff has dismissed her state anti-kickback claim.

22.     Renaissance RX denies the allegations in Paragraph 22, except to admit that Plaintiff's employment with Renaissance RX was terminated on October 30, 2014.

23.     Renaissance RX denies the allegations in Paragraph 23.  Renaissance RX further

responds by stating that the allegations contained in Paragraph 23 that are applicable to a state anti-kickback claim do not require a response of Renaissance RX because Plaintiff has dismissed her state anti-kickback claim.

24.     Renaissance RX denies the allegations in Paragraph 24.

25.     Renaissance RX denies the allegations in Paragraph 25.

**Count I: Violation of ADEA – Age Discrimination/Harassment**

26.     In response to the allegations contained in Paragraph 26, Renaissance RX incorporates by reference as though fully set forth herein its responses to Paragraphs 1-25.

27.     Renaissance RX denies the allegations in Paragraph 27.

28.     Renaissance RX denies the allegations in Paragraph 28.

29.     Renaissance RX denies the allegations in Paragraph 29.

30.     Renaissance RX denies the allegations in Paragraph 30.

31.     Renaissance RX denies the allegations in Paragraph 31.

32.     Renaissance RX denies the allegations in Paragraph 32.

33.     Renaissance RX denies the allegations in Paragraph 33.

34.     Renaissance RX denies the allegations in Paragraph 34.

WHEREFORE, Renaissance RX, by counsel, requests that Plaintiff take nothing by way of Count I of the Complaint, and for all other just and proper relief.

**Count II: Violation of Title VII of the Civil Rights Act of 1964 – Sexual Harassment/Discrimination**

35.     In response to the allegations contained in Paragraph 35, Renaissance RX incorporates by reference as though fully set forth herein its responses to Paragraphs 1-34.

36.     Paragraph 36 asserts a legal conclusion to which no response is required (that Plaintiff is a member of a protected class).

37.     Renaissance RX denies the allegations in Paragraph 37.

38.     Renaissance RX denies the allegations in Paragraph 38.

39.     Renaissance RX denies the allegations in Paragraph 39.

40.     Renaissance RX denies the allegations in Paragraph 40.

41.     Renaissance RX denies the allegations in Paragraph 41.

42.     Renaissance RX denies the allegations in Paragraph 42.

43.     Renaissance RX denies the allegations in Paragraph 43.

44.     Renaissance RX denies the allegations in Paragraph 44.

45.     Renaissance RX denies the allegations in Paragraph 45.

WHEREFORE, Renaissance RX, by counsel, requests that Plaintiff take nothing by way of Count II of the Complaint, and for all other just and proper relief.

**Count II: Violation of Indiana Anti-Kickback Statute – Retaliatory Discharge**

46.     In response to the allegations contained in Paragraph 46, Renaissance RX incorporates by reference as though fully set forth herein its responses to Paragraphs 1-45.

47.     Renaissance RX denies the allegations in Paragraph 47.  Renaissance RX further responds by stating that the allegations contained in Paragraph 47 do not require a response of Renaissance RX because Plaintiff has dismissed her state anti-kickback claim.

48.     Renaissance RX denies the allegations in Paragraph 48.  Renaissance RX further responds by stating that the allegations contained in Paragraph 48 do not require a response of Renaissance RX because Plaintiff has dismissed her state anti-kickback claim.

49.     Renaissance RX denies the allegations in Paragraph 49.  Renaissance RX further responds by stating that the allegations contained in Paragraph 49 do not require a response of Renaissance RX because Plaintiff has dismissed her state anti-kickback claim.

50.     Renaissance RX denies the allegations in Paragraph 50.  Renaissance RX further responds by stating that the allegations contained in Paragraph 50 do not require a response of Renaissance RX because Plaintiff has dismissed her state anti-kickback claim.

51.     Renaissance RX denies the allegations in Paragraph 51.  Renaissance RX further responds by stating that the allegations contained in Paragraph 51 do not require a response of Renaissance RX because Plaintiff has dismissed her state anti-kickback claim.

WHEREFORE, Renaissance RX, by counsel, requests that Plaintiff take nothing by way of Count III of the Complaint, and for all other just and proper relief.

### Count IV: Piercing the Corporate Veil

52.     In response to the allegations contained in Paragraph 52, Renaissance RX incorporates by reference as though fully set forth herein its responses to Paragraphs 1-51.

53.     Renaissance RX denies the allegations in Paragraph 53 as stated.  Renaissance RX further responds by stating that the allegations contained in Paragraph 53 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

54.     Renaissance RX denies the allegations in Paragraph 54 for lack of sufficient information to justify a belief therein.  Renaissance RX further responds by stating that the allegations contained in Paragraph 54 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

55.     Renaissance RX denies the allegations in Paragraph 55 as stated.  Renaissance RX further responds by stating that the allegations contained in Paragraph 55 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual

defendants, mooted her allegations pertaining to corporate veil piercing.

56.    Renaissance RX denies the allegations in Paragraph 56. Renaissance RX further responds by stating that the allegations contained in Paragraph 56 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

57.    Renaissance RX denies the allegations in Paragraph 57. Renaissance RX further responds by stating that the allegations contained in Paragraph 57 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

58.    Renaissance RX denies the allegations in Paragraph 58. Renaissance RX further responds by stating that the allegations contained in Paragraph 58 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

59.    Renaissance RX denies the allegations in Paragraph 59. Renaissance RX further responds by stating that the allegations contained in Paragraph 59 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

60.    Renaissance RX denies the allegations in Paragraph 60. Renaissance RX further responds by stating that the allegations contained in Paragraph 60 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

61.    Renaissance RX denies the allegations in Paragraph 61. Renaissance RX further responds by stating that the allegations contained in Paragraph 61 do not require a response of

Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

62.     Renaissance RX denies the allegations in Paragraph 62.  Renaissance RX further responds by stating that the allegations contained in Paragraph 62 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

63.     Renaissance RX denies the allegations in Paragraph 63.  Renaissance RX further responds by stating that the allegations contained in Paragraph 63 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

64.     Renaissance RX denies the allegations in Paragraph 64.  Renaissance RX further responds by stating that the allegations contained in Paragraph 64 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

65.     Renaissance RX denies the allegations in Paragraph 65.  Renaissance RX further responds by stating that the allegations contained in Paragraph 65 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

66.     Renaissance RX denies the allegations in Paragraph 66, which appears to be placed under Count IV mistakenly.  Renaissance RX further responds by stating that the allegations contained in Paragraph 66 do not require a response of Renaissance RX because Plaintiff has dismissed her state anti-kickback claim.

67.     Renaissance RX denies the allegations in Paragraph 67, which appears to be placed under Count IV mistakenly.   Renaissance RX further responds by stating that the allegations contained in Paragraph 67 do not require a response of Renaissance RX because Plaintiff has dismissed her state anti-kickback claim.

68.     Renaissance RX denies the allegations in Paragraph 68, which appears to be placed under Count IV mistakenly.   Renaissance RX further responds by stating that the allegations contained in Paragraph 68 do not require a response of Renaissance RX because Plaintiff has dismissed her state anti-kickback claim.

69.     Renaissance RX denies the allegations in Paragraph 69, which appears to be placed under Count IV mistakenly.   Renaissance RX further responds by stating that the allegations contained in Paragraph 69 do not require a response of Renaissance RX because Plaintiff has dismissed her state anti-kickback claim.

70.     Renaissance RX denies the allegations in Paragraph 70.  Renaissance RX further responds by stating that the allegations contained in Paragraph 70 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

71.     Renaissance RX denies the allegations in Paragraph 71.  Renaissance RX further responds by stating that the allegations contained in Paragraph 71 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

72.     Renaissance RX denies the allegations in Paragraph 72.  Renaissance RX further responds by stating that the allegations contained in Paragraph 72 do not require a response of

Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

73.     Renaissance RX denies the allegations in Paragraph 73.  Renaissance RX further responds by stating that the allegations contained in Paragraph 73 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

74.     Renaissance RX denies the allegations in Paragraph 74.  Renaissance RX further responds by stating that the allegations contained in Paragraph 74 do not require a response of Renaissance RX because Plaintiff has, through dismissal of the individual defendants, mooted her allegations pertaining to corporate veil piercing.

WHEREFORE, Renaissance RX, by counsel, requests that Plaintiff take nothing by way of Count IV of the Complaint, and for all other just and proper relief.

## Exemplary Damages

75.     In response to the allegations contained in Paragraph 75, Renaissance RX incorporates by reference as though fully set forth herein its responses to Paragraphs 1-74.

76.     Renaissance denies the allegations in Paragraph 76.

WHEREFORE, Renaissance RX, by counsel, requests that Plaintiff take nothing by way of Plaintiff's request for exemplary damages, and for all other just and proper relief.

WHEREFORE, Defendant, Renaissance RX, prays that its Answer be deemed good and sufficient and that, after due proceedings herein, Plaintiff's Complaint be dismissed, with prejudice, at Plaintiff's cost, and for such other additional and equitable relief to which Renaissance RX may be entitled.

Respectfully submitted,

FROST BROWN TODD LLC

By: */s/ Jenai M. Brackett*　　　　　　　　　
　　Jenai M. Brackett, #30025-49
　　201 N. Illinois St., Suite 1900
　　P.O. Box 44961
　　Indianapolis, IN 46244-0961
　　Telephone: 317-237-3800
　　Fax: 317-237-3900
　　Attorneys for Defendant, UTC Laboratories,
　　LLC d/b/a Renaissance RX

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

　　Jason R. Delk, Esq.
　　Daniel J. Gibson, Esq.
　　Arie J. Lipinski, Esq.
　　COUNSEL FOR PLAINTIFF

and I hereby certify that I have served the following non-ECF participants via electronic mail:

　　None.

　　　　　　　　　　　　　　　　　*s/ Jenai M. Brackett*　

0132952.0633172   4833-6511-2877v1

14